UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN COOK,

                    Plaintiff,

        -against-                                    19-CV-11659 (CM)

C. QUATTROCCHI OFFICER #435;                         ORDER TO AMEND
SUTERLAND OFFICER #404; CARL
DUBOIS SHERIFF,

                    Defendants.

COLLEEN McMAHON, Chief United States District Judge:

        Plaintiff, currently incarcerated at the Orange County Jail, brings this *pro se* action under

42 U.S.C. § 1983. By order dated January 21, 2020, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below,

the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this

order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma

pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges that the events giving rise to this complaint occurred between August 2019, and December 7, 2019. Named as Defendants are Correction Officers Quattrocchi and Suterland, and Sheriff Carl Dubois. Plaintiff asserts that because he filed a sexual harassment

complaint against Suterland,[2] Suterland is retaliating against him by talking to other prisoners about him. Plaintiff is "concerned," because he believes that Suterland is "soliciting to cause me harm." Plaintiff told Sgt. McCord about Suterland's conduct, but Sgt. McCord said that "he didn't see any harm in his action, stating, 'oh that guy talks about me!!'" Plaintiff told a "mental health worker about it, and "she acted like it wasn't nothing [sic] so I left it alone."

On December 6, 2019, Plaintiff and another prisoner, Kennard Blount, were called to medical, and Blount told Plaintiff that Officer Quattrocchi told him on "a prior day" that Plaintiff had "called her a bitch for no reason." On October 23, 2019, Quattrocchi "wrote [Plaintiff] up for" cursing at her. Plaintiff denies having done so, but he "got seven days locked in and 25.00 fine." According to Plaintiff, Quattrocchi and Suterland are "attempt[ing] to get another inmate to cause me harm." Plaintiff seeks $2 million in damages.

## DISCUSSION

"[A] prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) ("[A] prison inmate [generally] has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."). Exceptions apply "when an inmate is able to show either (1) that he was disciplined without adequate due process as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right." *Riddick v. Semple*, 731 F. App'x 11, 14 (2d Cir. 2018).

---

[2] Plaintiff has a case pending in this Court against Suterland. *See Cook v. Suterland*, 7:19-CV-2780, 2 (NSR) (filed Mar. 26, 2019); *see also Cook v. Dubois*, 7:19-CV-8317, 1 (CS) (filed Sept. 6, 2019) (pending).

To prevail on a prisoner's First Amendment retaliation claim, a prisoner must establish "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected [conduct] and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (internal quotation marks omitted). The filing of lawsuits or prison grievances is a constitutionally protected activity. *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996). The prisoner bears the burden of showing that "the protected conduct was a substantial or motivating factor" in the prison official's disciplinary decision. *See Holland v. Goord*, 758 F.3d 215, 225-26 (2d Cir. 2014).

It is not clear that Plaintiff can state a retaliation claim. He alleges that Officer Quattrocchi filed a false misbehavior report against him, but he does not allege any facts suggesting that she did so to retaliate against him for exercising his First Amendment rights. And Plaintiff does not assert facts suggesting that he was denied due process in connection with a disciplinary hearing. Also, Plaintiff's allegations about Officer Suterland are vague. Plaintiff believes that Suterland is seeking to have another prisoner harm him, and is doing so in retaliation for the prior lawsuit, but Plaintiff provides no facts to support this belief other than the fact that Suterland spoke with another prisoner about him.

The Court grants Plaintiff leave to amend his complaint to provide any additional facts that support these claims.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-11659 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    February 5, 2020
          New York, New York

                                   COLLEEN McMAHON
                         Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)


## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name          Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City          State          Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

# IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State              Zip Code

Defendant 2:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State              Zip Code

Defendant 3:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State              Zip Code

Defendant 4:

First Name          Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                        State              Zip Code

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____
_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                      Plaintiff's Signature

_____
First Name                         Middle Initial              Last Name

_____
Prison Address

_____
County, City                                    State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:    _____