UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN COOK,

      Plaintiff,

-against-

C. QUATTROCCHI OFFICER #435;
SUTERLAND OFFICER #404; CARL
DUBOIS SHERIFF,

      Defendants.

19-CV-11659 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, who is incarcerated at the Orange County Jail, is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. By order dated February 5, 2020, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on February 20, 2020, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

  The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against Orange County Jail Correction Officers Quattrocchi and Suterland, and Sheriff Carl Dubois. Plaintiff asserts that because he filed a sexual harassment complaint against Suterland,[1] Suterland is retaliating against him by talking to other prisoners

---

[1] Plaintiff has a case pending in this Court against Suterland. *See Cook v. Suterland*, 7:19-CV-2780, 2 (NSR) (filed Mar. 26, 2019) (alleging that Correction Officers Suterland and Dewitt

2

about him. Plaintiff is "concerned," because he believes that Suterland is "soliciting to cause me harm." Plaintiff told Sgt. McCord about Suterland's conduct, but Sgt. McCord said that "he didn't see any harm in his action, stating, 'oh that guy talks about me!!'" Plaintiff told a "mental health worker about it, and "she acted like it wasn't nothing [sic] so I left it alone."

On December 6, 2019, Plaintiff and another prisoner, Kennard Blount, were called to medical, and Blount told Plaintiff that Officer Quattrocchi told him on "a prior day" that Plaintiff had "called her a bitch for no reason." On October 23, 2019, Quattrocchi "wrote [Plaintiff] up for" cursing at her. Plaintiff denies having done so, but he "got seven days locked in and 25.00 fine." According to Plaintiff, Quattrocchi and Suterland are "attempt[ing] to get another inmate to cause me harm." Plaintiff seeks $2 million in damages.

In the February 5, 2020 order to amend, the Court held that the facts alleged in the complaint did not state a First Amendment retaliation claim. *See Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) ("[A] prison inmate [generally] has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); *see also Riddick v. Semple*, 731 F. App'x 11, 14 (2d Cir. 2018) (holding that exceptions apply "when an inmate is able to show either (1) that he was disciplined without adequate due process as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right."). The Court further held that Plaintiff's allegations against the named correction officers were too vague to give rise to any other claim arising under § 1983. The Court granted Plaintiff leave to amend his complaint to

---

sexually harassed him, and that Defendant Sheriff DuBois failed to ensure that his staff acts professionally); *see also Cook v. Dubois*, 7:19-CV-8317, 1 (CS) (filed Sept. 6, 2019) (pending).

provide any additional facts to support his claim that Defendants had violated his constitutional rights.

Plaintiff's amended complaint reiterates the facts set forth in the original pleading, and adds the following information: since Plaintiff's arrival at the Orange County Jail, correction officers have called him "Cookie" and "sexually harassed and even threatened" him. Plaintiff does not feel safe. One correction officer said to Plaintiff, "Mr. Cook you must really don't like yourself." After inmate Blount "came to Unit D2," Plaintiff:

> felt like he was trying to find a reason to start some conflict with me. Some kind of way we became friends and that when he told me what she [Quattrocchi] said. That's when I realized why he was hostile towards me for no reason. I then remembered D. Williams # 20181 had told Suterland had talked to him about me, Exhibit C.

(ECF 1:19-CV-11659, 7.)

## DISCUSSION

Plaintiff's allegation of retaliation claim fails to state a claim for the reasons set forth in the February 5, 2020 order to amend.

Plaintiff's claim that he is being sexually harassed and threatened also fails to state a claim. Allegations of verbal abuse, threats, and harassment, without physical contact, are generally not sufficient to state a claim under § 1983. *See Vogelfang v. Capra*, 889 F. Supp. 2d 489, 508 (S.D.N.Y. 2012) (noting that the court "found no case in which a plaintiff had established an actionable claim of sexual harassment under *Boddie* [*v. Schnieder*, 105 F.3d 857 (2d Cir. 1997)], without having physical contact with the alleged perpetrator"); *see also Jones v. Harris*, 665 F. Supp. 2d 384, 396 (S.D.N.Y. 2009) ("It is well settled that verbal harassment by a corrections officer, inexcusable though it be, does not rise to the level of a constitutional violation.").

4

The conduct Plaintiff describes is abhorrent, and it is very troubling that Plaintiff does not feel safe at the facility. But Plaintiff does not allege that any of the correction officers involved actually touched him. In the absence of physical conduct, Plaintiff's allegation fails to state a claim under § 1983.[2]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 20, 2020
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] As noted, Plaintiff has a lawsuit pending in which he asserts that correction officers at the Orange County Jail sexually harassed him. *See Cook*, No. 19-CV-2780. If subsequent instances of sexual harassment have occurred, Plaintiff may, under Federal Rule of Civil Procedure 15, seek leave to file an amended complaint in that case to add any new parties or facts in that case.